**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-1531**

QUIRINO RIVERA TELLEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  November 21, 2023            Decided:  November 27, 2023

Before WILKINSON and NIEMEYER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

**ON BRIEF:**  Mark J. Devine, LAW OFFICES OF MARK J. DEVINE, LLC, Charleston, South Carolina, for Petitioner.  Brian Boynton, Principal Deputy Assistant Attorney General, Jessica E. Burns, Senior Litigation Counsel, Anthony J. Nardi, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Quirino Rivera Tellez, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals dismissing his appeal from the immigration judge's denial of Tellez's application for cancellation of removal under 8 U.S.C. § 1229b(b)(1). In denying cancellation of removal, the immigration judge found, in relevant part, that Tellez failed to show that his removal would cause an exceptional and extremely unusual hardship for Tellez's U.S.-citizen stepson. We review this determination as a mixed question of fact and law. *Gonzalez Galvan v. Garland*, 6 F.4th 552, 560 (4th Cir. 2021). We have reviewed the administrative record in conjunction with the arguments advanced by Tellez and conclude that there is no error in the agency's dispositive hardship analysis.

Next, Tellez repeats his challenge to the agency's authority to conduct his removal proceedings based on the Department of Homeland Security's failure to identify the time, place, and date of Tellez's initial hearing in the charging Notice to Appear (NTA). However, as the Board explained, this argument is foreclosed by Board precedent, *see In re Arambula-Bravo*, 28 I. & N. Dec. 388, 389 (B.I.A. 2021) (rejecting noncitizen's argument "that the Immigration Court lacked jurisdiction over her removal proceedings . . . because she was served with an NTA that did not include the time and place of her initial removal hearing"), which is consistent with this court's rulings on the issue, *see United States v. Cortez*, 930 F.3d 350, 358-66 (4th Cir. 2019) (holding that an NTA's failure to include the date or time of the hearing does not implicate the immigration court's jurisdiction or adjudicative authority); *see also United States v. Vasquez Flores*,

2

No. 19-4190, 2021 WL 3615366, at *2 n.3 (4th Cir. Aug. 16, 2021) (argued but unpublished) (reaffirming *Cortez* after considering *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021)).

Accordingly, we deny the petition for review for the reasons stated by the Board. *See In re Tellez* (B.I.A. Apr. 20, 2023). We dispense with oral argument because the facts and legal questions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

3